UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-573-CAS-(JEMx) | Date | March 5, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. REYNALDO BRAVO ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE

## I. INTRODUCTION

On February 4, 2011, plaintiff Federal National Mortgage Association, filed an unlawful detainer action in the Los Angeles County Superior Court against pro se defendants Reynaldo M. Bravo, Sharon Pascual Bravo, and Does 1 to 10, inclusive.

On January 25, 2013, defendant Susan Lee removed the case to this Court pursuant to 28 U.S.C. § 1446.  It appears to the Court that this is not the first time this case has been removed to this Court.  See Federal National Mortgage Association v. Reynaldo M. Bravo, et al., Case No. CV-12-10375 CAS (JEMx), dkt. #1 (removal); dkt. #6 (order remanding the case).  For the reasons explained below, it appears that this Court lacks subject matter jurisdiction over this case, and therefore this case is remanded to the Los Angeles County Superior Court.

## II. DISCUSSION

In her notice of removal, defendant contends that this court has jurisdiction because federal law, specifically the Protecting Tenants at Foreclosure Act 2009 ("PTFA"), governs plaintiff's cause of action.  In particular, defendant argues that this Court has jurisdiction because plaintiff's claim "implicate[s] significant federal issues." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,545 U.S. 308

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-573-CAS-(JEMx) | Date | March 5, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. REYNALDO BRAVO ET. AL. | | |

(2005)).  Finally, defendant asserts that the PTFA creates a federal cause of action, which justifies removal to this Court.

Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma, 636 F.3d at 542 (citations omitted).  In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant.  See Dkt. No. 1.  Defendant contends that plaintiff did not comply with the PTFA.  This is simply a defense to plaintiff's state court action.  Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the PTFA or any other body of federal law.  See McAtee, 479 F.3d at 1145.  Accordingly, this Court appears to lack subject matter jurisdiction based on a federal question.  Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Furthermore, defendant's arguments for removal based on Grable are without merit.  Grable stands for the proposition that if a federal issue is embedded within a state law claim that is "necessar[y], . . .actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," then a federal court has subject matter jurisdiction over the claim.  California Shock Trauma, 636 F.3d at 542 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)).  Under this rule, the state law claim must still be premised on a substantial federal issue on its face.  Id.  Because plaintiff's state law claim for unlawful detainer is not premised on a substantial federal issue, Grable does not apply here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-573-CAS-(JEMx) | Date | March 5, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. REYNALDO BRAVO ET. AL. | | |

## III.  CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to Los Angeles County Superior Court.  Defendants are admonished to comply with applicable law governing removal to federal court.  Additional unwarranted removals in this case may result in monetary sanctions.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |